| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>**Court Address**:<br>2nd Judicial District<br>1437 Bannock Street<br>Denver, Colorado 80202<br>Phone: 720-865-8301 | DATE FILED: July 10, 2018 1:32 PM<br>FILING ID: 55000E23CCEEC<br>CASE NUMBER: 2018CV32537<br><br><br>▲ COURT USE ONLY ▲ |
| **Plaintiff:** EVERETT HOLLOWAY<br><br>v.<br><br>**Defendant:** ZURICH AMERICAN INSURANCE COMPANY | |
| Attorneys for Plaintiff:<br>Jim Leventhal, #5815<br>S. Paige Singleton, #49011<br>LEVENTHAL & PUGA, P.C.<br>950 S. Cherry Street, Suite 600<br>Denver, Colorado 80246<br>Phone Number: (303) 759-9945<br>FAX Number: (303) 759-9692<br>E-mail: jim@leventhal-law.com<br>psingleton@leventhal-law.com | Case Number:<br><br>Div: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff, Everett Holloway, by and through his attorneys, Leventhal & Puga, P.C., hereby submits his Complaint and Jury Demand as follows:

## I.     PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Everett Holloway ("Mr. Holloway") is a resident of North Carolina, residing at 2520 S. Blvd., Unit #125, Charlotte, North Carolina 28203.

2. Upon information and belief, Defendant Zurich American Insurance Company ("Zurich") is an insurance company formed in the State of New York. It is licensed and authorized to conduct business and to issue policies of insurance in the City and County of Denver in the State of Colorado.

1

**Exhibit A**

3.  This Court has personal and subject matter jurisdiction over this action pursuant to C.R.S. §13-1-124(1)(a), (b), and (c).

4.  Venue is appropriate before this Court pursuant to Rule 98(c) of the Colorado Rules of Civil Procedure because Defendant Zurich conducts business in the County of Denver.

## II.  GENERAL ALLEGATIONS

5.  Mr. Holloway incorporates by reference each and every paragraph of his Complaint as if fully set forth herein.

6.  On December 20, 2015, at approximately 11:30 a.m., Mr. Holloway was driving a commercial 15 passenger van for his employer, Four Seasons Resort Vail ("Four Seasons").

7.  On December 20, 2015, at approximately 11:30 a.m., the van Mr. Holloway was driving was struck on the passenger side by a Chevrolet Cruz driven by Xiaoting Ju.

8.  The collision occurred in the main Vail roundabout; Mr. Holloway had been traveling west bound on South Frontage Road and was in the roundabout when Ms. Ju entered the roundabout southbound from the North Frontage Road, and failed to yield to Mr. Holloway prior to entering the roundabout.

9.  Ms. Ju was cited for failing to yield to Mr. Holloway.

10. Mr. Holloway was not cited for the December 20, 2015 collision.

11. The van Mr. Holloway was driving sustained extensive damage to its passenger side, which extended across the length of the van.

12. Mr. Holloway was seen in the emergency department at Vail Valley Medical Center where he was evaluated, diagnosed, and treated for lower back pain, including pain in his entire lumbar spine and lower back that increased with forward bending, extension, and rotation.

13. As a direct and proximate result of the negligence of Ms. Ju, Mr. Holloway has suffered significant and permanent bodily injuries, damages, and losses, including but not limited to disc herniation and degeneration in his thoracic and lumbar spine, which contribute to Mr. Holloway's significant and debilitating back pain and muscle spasms.

14. As a direct and proximate result of the negligence of Ms. Ju, Mr. Holloway has suffered permanent physical impairment, including but not limited to permanent physical impairment to his back and spine.

15. As a direct and proximate result of the negligence of Ms. Ju, Mr. Holloway has been forced to incur medical bills for treatment and will continue to need additional care resulting in future medical expenses.

16. As a direct and proximate result of the negligence of Ms. Ju, Mr. Holloway has suffered a loss of earnings, lost earning capacity, loss of essential services, and other economic losses, and will continue to incur such losses in the future.

17. As a direct and proximate result of the negligence of Ms. Ju, Mr. Holloway has suffered physical and emotional pain and suffering, inconvenience, and loss of enjoyment of life, and will in the future continue to suffer such losses.

18. Mr. Holloway was not negligent in the above-referenced automobile collision.

19. At the time of the collision, Ms. Ju was insured under an automobile policy issued by State Farm with liability limits of $25,000.00 per person.

20. At the time of the collision, Mr. Holloway, through his employer, Four Seasons Hotels Limited, was insured under a business automobile policy issued by Defendant Zurich, Policy No. BAP 9140146-09 (the "Policy") for the policy period November 1, 2015 to November 1, 2016.

21. The Policy included Uninsured/Underinsured Motorist ("UIM") coverage with limits of $1,000,000.00 per person for covered "autos."

22. The van Mr. Holloway was driving at the time of the collision was a covered "auto" under the Policy.

23. As an employee lawfully driving a covered "auto," Mr. Holloway was at all relevant times an "insured" under the Policy.

24. In light of the injuries, damages, and losses suffered by Mr. Holloway in the collision, Ms. Ju was an "underinsured" driver under the terms of the Policy as the sum of her liability insurance coverage was less than the amount Mr. Holloway was legally entitled to recover as damages caused by the December 20, 2015 collision.

25. On January 9, 2017, Mr. Holloway, through his attorneys, requested Defendant Zurich's permission to settle with Ms. Ju's insurance company for the $25,000.00 liability limits of the State Farm policy.

26. On May 25, 2017, Defendant Zurich consented to Mr. Holloway settling with Ms. Ju's insurance company, State Farm, for the policy limits of $25,000.00 for the December 20, 2015 collision.

27. On October 19, 2017, Mr. Holloway signed and returned a Release to State Farm in exchange for Ms. Ju's policy limits of $25,000.00.

28. On February 7, 2018, Mr. Holloway, through his attorneys, sent a settlement demand letter to Defendant Zurich for the policy limits of $1,000,000.00.

29. The settlement demand letter provided extensive documentation demonstrating that Mr. Holloway's economic losses alone far exceeded the amount of settlement with Ms. Ju, including medical records, billing records, tax records, and expert reports.

30. The settlement demand letter included a report from an expert economist that calculated Mr. Holloway's anticipated future economic losses at an amount exceeding $2,000,000.00.

31. The settlement demand letter provided extensive documentation of Mr. Holloway's past and future non-economic losses and physical impairment, including the impact his injuries had on his favorite recreational activities of skiing, snowboarding, and biking.

32. On March 22, 2018, Defendant Zurich rejected Mr. Holloway's settlement demand for the limits of $1,000,000.00 available under the policy.

33. On March 22, 2018, Defendant Zurich offered Mr. Holloway $60,000.00 for settlement and release of any and all claims.

34. On March 22, 2018, Defendant Zurich requested additional medical records regarding Mr. Holloway's back injury.

35. On March 23, 2018, Mr. Holloway, through his attorneys, rejected Defendant Zurich's March 22, 2018 offer of $60,000.00 as it is not a reasonable evaluation of his injuries, damages, and losses.

36. On March 23, 2018, Mr. Holloway, through his attorneys, provided additional documentation including updated medical records and tax returns.

37. On March 23, 2018, Mr. Holloway, through his attorneys, gave Defendant Zurich an additional 30 days to review the additional documents, re-evaluate Mr. Holloway's claim, and extend an offer which more reasonably reflects Mr. Holloway's losses.

38. Defendant Zurich has not extended another offer which more reasonably reflects Mr. Holloway's losses.

39. Defendant Zurich has not paid any UIM benefits to Mr. Holloway under the Policy for the injuries, damages, and losses he suffered in the December 20, 2015 collision.

40. All conditions precedent to coverage under the Zurich Policy have been satisfied and/or have been waived or excused by Defendant Zurich.

### III.  FIRST CLAIM FOR RELIEF
### (Breach of Contract)

41. Mr. Holloway incorporates by reference each and every paragraph of his Complaint as if fully set forth herein.

42. The Policy constitutes a contract of insurance.

43. Mr. Holloway settled with Ms. Ju's insurer for the $25,000.00 policy limits of the State Farm policy with Defendant Zurich's permission.

44. Mr. Holloway has complied with all terms and conditions precedent under the Policy, and has otherwise fully cooperated with Defendant Zurich.

45. As set forth above, Mr. Holloway is legally entitled to UIM benefits under the Policy and by virtue of failing to pay him the benefits to which he is entitled, Defendant Zurich has breached the Policy.

46. As a direct and proximate result of Defendant Zurich's breach of contract, Mr. Holloway is entitled to damages in an amount to be proved at trial.

### IV.  SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

47. Mr. Holloway incorporates by reference each and every paragraph of his Complaint as if fully set forth herein.

48. By the actions described above, Defendant Zurich breached the contract of insurance and has engaged in a course of conduct to deprive its insured, Mr. Holloway, of the contractual benefits to which he is entitled.

49. Defendant Zurich's conduct falls below the standard of care of a reasonably prudent insurer doing business in the State of Colorado and violates the Policy's implied covenant of good faith and fair dealing.

50. Defendant Zurich's unreasonable conduct in relation to Plaintiff's claims was committed with knowledge of the fact that its actions were unreasonable and/or in disregard of the fact that its actions were unreasonable.

51. Defendant Zurich breached its duty of good faith and fair dealing by its actions which include, without limitation, the following unreasonable acts:

   a. Refusing to pay the reasonable amount on Mr. Holloway's claims following a reasonable investigation based upon all available information;

  b. Engaging in conduct prohibited by C.R.S. §§10-1-101 and 10-3-1104(1)(h);

  c. Depriving Mr. Holloway of the benefits and protections of the contract of insurance;

  d. Failing to conduct a complete investigation of the evidence;

  e. Engaging in a one-sided investigation of the evidence;

  f. Improperly acting in preference to its rights and interests at the detriment of its insured;

  g. Not attempting in good faith to effectuate prompt, fair, and equitable settlements in which liability has become reasonably clear; and

  h. Other conduct to be discovered during the course of the proceedings.

52. Defendant Zurich has acted and continues to act unreasonably in denying and delaying payment of Mr. Holloway's claim.

53. Defendant Zurich knew that its conduct and position/s were unreasonable and/or Zurich recklessly disregarded the fact that its conduct and position/s were unreasonable.

54. As a result of Defendant Zurich's bad faith breach of insurance contract, Mr. Holloway has suffered damages to be proved at trial.

## V. THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 and 1116)

55. Mr. Holloway incorporates by reference each and every paragraph of his Complaint as if fully set forth herein.

56. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

57. Mr. Holloway is a first-party claimant as defined by C.R.S. §10-3-1115(1)(b)(I).

58. Defendant Zurich is an insurer and has unreasonably delayed and denied Plaintiff's first-party insurance claim within the meaning of C.R.S. §10-3-1115.

59. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in a Colorado District Court to recover reasonable attorney fees and court costs, benefits due under the policy and in addition, two times the delayed or denied covered benefits.

60. As described above, Defendant Zurich has acted and continues to act unreasonably in denying and delaying payment of Mr. Holloway's claim.

61.     Mr. Holloway brings this claim to recover, in addition to the benefits due under the Policy, two times the amount of those benefits, and his reasonable attorney fees and court costs incurred in this action pursuant to C.R.S. §10-3-1116.

62.     Defendant Zurich's bad faith breach of insurance contract has proximately caused Plaintiff to suffer economic and non-economic harm, losses, and damages in amounts to be proved at trial.

WHEREFORE, Plaintiff Everett Holloway respectfully requests that judgment be entered in his favor and against Defendant Zurich American Insurance Company in an amount which will fully compensate him for all damages he has sustained to the full extent allowed by law, including but not limited to economic damages, non-economic damages, and damages for permanent physical impairment and disfigurement as provided for under Colorado Law as well as costs, including expert witness fees, interest at the maximum amount allowed by law, for two times the amount of covered benefits that have been wrongly and unreasonably withheld as statutory penalties under Colorado insurance law, for reasonable attorney fees and costs of suit incurred in bringing this action as permitted under Colorado insurance statutes, for all consequential compensatory damages, economic and non-economic, caused by Defendant's bad faith conduct, and for such other and further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 10th day of July, 2018.

LEVENTHAL & PUGA, P.C.

*A duly signed original is available for inspection at the offices of Leventhal & Puga, P.C.*

By:     /s/ *Jim Leventhal*
Jim Leventhal, #5815
Paige Singleton, #49011
LEVENTHAL & PUGA, P.C.
950 S. Cherry Street, Suite 600
Denver, CO 80246
Telephone:  (303)759-9945
Facsimile:  (303)759-9692
Email:  jim@leventhal-law.com
*Attorneys for Plaintiff*

Address of Plaintiff:
2520 S. Blvd., Unit #125
Charlotte, North Carolina 28203